<u>NOT PRECEDENTIAL</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-2014

DANIEL R. SMITH

v.

PHILLIP L. JOHNSON, Superintendent, and
TIMOTHY G. COLLINS, Publication Review Committee

David R. Smith,

Appellant

On Appeal From the United States District Court
for the Western District of Pennsylvania
District Court No.: 03-cv-01281
District Judge: The Honorable Donald E. Ziegler

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 26, 2006

Before: SMITH, WEIS, and NYGAARD, *Circuit Judges*

(Filed:   November 1, 2006)

OPINION

SMITH, *Circuit Judge*.

The appellant, Daniel R. Smith ("Smith") is an inmate at the State Correctional Institution at Pittsburgh, Pennsylvania ("SCIP").  Smith commenced this civil action against appellees Philip L. Johnson, Superintendent ("Johnson"), and Tim G. Collins, Publication Review Committee ("Collins"), alleging that they denied him the ability to practice his religion of Yoruba/Palero/Vodun.  Smith purchased by mail two volumes of a religious text entitled "El Libro," by Carlos Montenegro, a Palero Priest, in November of 1999.  Three months later, Smith received a form notice from Collins informing him that the Publication Review Committee ("PRC") had disapproved "El Libro," in accordance with Pennsylvania Department of Corrections ("DOC") policy.  The notice stated that "El Libro" fell into the category of publications that "advocate, assist or are evidence of criminal activity or institution misconduct."  Smith timely appealed the decision.  Johnson replied that "El Libro" was "obscene."  Smith wrote to Johnson and requested reconsideration of the PRC decision.  Johnson replied that, although "El Libro" was not, in fact, obscene, it did "refer to issues of control over other individuals, which is not permissible within a correctional setting," and that Johnson would not overrule the PRC.

Smith continued to appeal and secured additional review by the PRC.  Johnson wrote to the DOC Executive Deputy in May of 2000, stating that "El Libro" contained "spells and rituals" and that, "there are individuals within these settings who are capable of believing that such spells are possible."  Therefore, "conflict that could arise because of this aspect makes this publication inappropriate."  Smith was informed that his final appeals were denied and that he could have "El Libro" returned to the publisher, mailed

home, or destroyed. Smith informed Johnson and Collins that he wanted "El Libro" sent to Mrs. Charlotta Smith. Smith was instructed to provide a postage slip as well as a request to mail the text, which he did. In August of 2000, Smith asked Johnson about the status of his request and was informed that the texts had been destroyed because he had not provided the postage slips and mailing request in a timely manner.

Smith filed a standard form 42 U.S.C. § 1983 complaint in the Western District of Pennsylvania on June 30, 2000, after the final decision that "El Libro" would not be permitted within the SCIP. Smith alleged violations of his First, Eighth, and Fourteenth Amendment rights stemming from the withholding and subsequent destruction of his religious text. Johnson and Collins filed a motion to dismiss, which the Magistrate Judge construed as a motion for summary judgment. The Magistrate Judge recommended summary judgment against the Eighth and Fourteenth Amendment claims, but denied it for the First Amendment claim. The District Court agreed and entered an order to that effect on March 28, 2002. After limited written discovery, Johnson and Collins again filed a motion for summary judgment against the First Amendment claim. The Magistrate Judge recommended that the motion be granted, and the District Court entered an order granting summary judgment against all Smith's claims on March 26, 2003. Smith timely appealed to this Court, which granted his motion to proceed *in forma pauperis*. This Court appointed counsel to brief and argue the First Amendment claim.

Smith argues on appeal that the District Court should have construed his complaint as also stating a claim under the Religious Land Use and Institutionalized Persons Act

("RLUIPA"). 42 U.S.C. § 2000cc-1(a).[1] We will remand to the District Court for consideration of Smith's claim under RLUIPA.[2]

The Magistrate Judge and District Court analyzed Smith's claim under the framework laid out by the Supreme Court in *Turner v. Safley*, 482 U.S. 78 (1987). The *Turner* Court articulated a "reasonableness" test for federal court review of First Amendment challenges to prison practices or regulation. *Id*. at 89. The Court stated that, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Id*. The Court then articulated four factors to weigh in determining a regulation's reasonableness: (1) whether there is a rational connection between the regulation and the asserted government interest; (2) whether the prisoner has alternative means to exercise the affected right; (3) what impact accommodation of the right would have on prison administration and resources; (4) whether there is a ready alternative to the regulation that accommodates the prisoner's rights with a *de minimis* impact on penological interests. *Id*. at 89-91.

The Magistrate Judge and District Court correctly applied the *Turner* factors. We will affirm the District Court's judgment with respect to Smith's First Amendment claim.

---

[1] The District Court had federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291. We exercise plenary review over a grant or denial of summary judgment. *See, e.g.*, *Carter v. McGrady*, 292 F.3d 152, 157 (3d Cir. 2002).

[2] We have carefully considered the Magistrate Judge's recommendations and the District Court's judgment with regard to Smith's Eighth and Fourteenth Amendment claims. We will affirm for the reasons set out by the Magistrate Judge and District Court.

However, the District Court erred by not accounting for the heightened statutory protection prescribed by Congress in RLUIPA.  See 42 U.S.C. § 2000cc-1(a).  RLUIPA states that, for state correctional facilities receiving federal funds:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person--
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

*Id*.  The District Court should evaluate Smith's claim under the more stringent RLUIPA test, as his claim may benefit from the heightened standard.

Johnson and Collins contend that, because Smith did not allege a RLUIPA violation in his *pro se* complaint, we should deem Smith to have waived his RLUIPA claim.  However, this Court has often observed that "we have an obligation" to liberally construe *pro se* civil rights complaints.  *Holley v. Department of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999).  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  We apply the relevant law, regardless of whether the *pro se* litigant has identified it by name. *Small v. Lehman*, 98 F.3d 762, 766 (3d Cir. 1996).  We followed this approach for RLUIPA's predecessor statute, the Religious Freedom Restoration Act ("RFRA").  *Id*. We stated that because RFRA was then "in force and as it was the applicable law, the district court was required to apply the compelling interest test to the facts," even though the parties had not brought RFRA to the Court's attention.  *Id*.  This approach is in accord with our sister Circuits.  *See Hammons v. Saffle*,  348 F.3d 1250, 1258 (10th Cir. 2003)

(noting that *pro se* plaintiffs are only "required to allege the necessary underlying facts to support a claim under a particular legal theory," and remanding to the district court for consideration of a RLUIPA claim); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (noting that, "when the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations," and remanding to the district court for consideration of a RLUIPA claim). We will remand to the District Court for consideration of Smith's complaint under RLUIPA.