**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL R. SMITH,** | ) | |
| | ) | **Civil Action No. 00-1281** |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Judge Arthur J. Schwab** |
| | ) | **Mag. Judge Francis X. Caiazza** |
| **SUPERINTENDENT PHILIP L. JOHNSON; PUBLICATION REVIEW COMMITTEE TIM G. COLLINS,** | ) | |
| | ) | |
| **Defendants.** | ) | **Electronically filed.** |

**STATEMENT OF FACTS**

The following material facts are undisputed for purposes of the Defendants' Motion for Summary Judgment, filed contemporaneously herewith, and are submitted in accordance with Local Rule 56.1:

1. Plaintiff, Daniel R. Smith, inmate number BM-1187, is a *pro se* prisoner currently incarcerated by the Pennsylvania Department of Corrections (DOC) in the State Correctional Institution at Fayette (SCI-Fayette). (See Docket).

2. The sole issue before this Honorable Court is whether Plaintiff has stated a cognizable RLUIPA claim. (See Doc. # 46).

3. Plaintiff ordered *El Libro Montenegro* at SCI-Pittsburgh on November 18, 1999. (See Exhibit 1).

4. He was notified by defendant Collins on February 18, 2000 that the IPRC at SCI-Pittsburgh had denied his request for the publication. (See Exhibit 2).

5. Plaintiff appealed this decision by the IPRC to SCI-Pittsburgh Superintendent defendant Johnson, and Johnson notified Plaintiff that he was affirming

the IPRC's decision to prohibit the book via correspondence dated February 25, 2000. (See Exhibit 3).

6. RLUIPA in its present form was not even introduced to the United States Senate as a bill until July 12, 2000. (See Exhibit 4).

7. It was enacted and deemed effective roughly two months later on September 22, 2000. (See Exhibit 4; and Exhibit 5).

8. Thus, the protections of RLUIPA did not become statutory rights to which Plaintiff could have been entitled until some seven months after the defendants denied his request to possess the publication in question, *El Libro Montenegro*. (See Exhibits 1-5).

9. The only relevant events left in this matter – i.e., defendants Collins' and Johnson's February, 2000 denials of Plaintiff's request to possess *El Libro Montenegro* – took place at SCI-Pittsburgh. (See Complaint; and Amended Complaint).

10. Similarly, the only defendants left in this action are the SCI-Pittsburgh Superintendent Phillip L. Johnson and an SCI-Pittsburgh IPRC member Tim G. Collins. (See Complaint; and Amended Complaint).

11. Plaintiff has since been transferred to SCI-Fayette. (See Exhibit 6, at ¶ 2).

12. Plaintiff has never requested permission to possess *El Libro Montenegro* at SCI-Fayette. (See Exhibit 6, at ¶ 5).

13. "[T]he admissibility of publications into each DOC institution is subject to review by that institution's Incoming Publications Review Committee (IPRC)." (See Exhibit 6, at ¶ 7).

14. Each institution's IPRC committee is comprised of personnel from that facility alone – thus, the IPRC at SCI-Fayette is comprised of SCI-Fayette employees only. (See Exhibit 6, at ¶ 8).

15. Pursuant to the DOC policy governing the IPRC, "publications approved at one facility are not necessarily permitted in another facility." (See Exhibit 6, at ¶ 9).

16. Despite repeated references in the record of this case to DOC Administrative Directive DC-ADM 814 as the policy governing the IPRC, that policy was replaced by (albeit, nearly identical) DC-ADM 803 prior to the claims in this case. (See Exhibit 7).

17. When an inmate is transferred, such as Plaintiff in this case, even publications in his possession would be subject to review by the IPRC at his new institution (in this case, SCI-Fayette). (See Exhibit 6, at ¶ 10).

18. *El Libro Montenegro* does not appear on the list of publications that have already been banned at SCI-Fayette, thus the admissibility of that publication at SCI-Fayette would be subject to review by the IPRC of that facility. (See Exhibit 6, at ¶¶ 5-11).

19. Both defendant Johnson and defendant Collins have retired from their employment with the DOC. (See Exhibit 6, at ¶ 12).

20. Even if they were still employed by the DOC as employees of SCI-Pittsburgh, they could not have affected a request by Plaintiff to possess *El Libro Montenegro* at SCI-Fayette. (See Exhibit 6, *generally*).

21. Neither defendant Johnson nor Collins are employed at SCI-Fayette, they "are not and cannot be members of the SCI-Fayette IPRC." (See Exhibit 6, at ¶ 13).

22. Should Plaintiff seek to amend to add SCI-Fayette defendants, his claims are not yet ripe inasmuch as he has never requested nor been denied *El Libro Montenegro* at that facility. (See Exhibit 6).

23. Plaintiff is a level three inmate serving a life sentence. (See Exhibit 8).

24. SCI-Pittsburgh closed in January 2005 and is being reopened in July 2007 as a "minimum/lower-medium security prison." (See Exhibit 9).

Respectfully submitted,

**Thomas W. Corbett, Jr.**
Attorney General

BY: __/s/ Mariah L. Passarelli________
MARIAH L. PASSARELLI
Deputy Attorney General
PA I.D. No. 202469

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief Litigation Section

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

(412) 565-3579

Date: April 18, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DANIEL R. SMITH,** | ) | |
| | ) | **Civil Action No. 00-1281** |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Judge Arthur J. Schwab** |
| | ) | **Mag. Judge Francis X. Caiazza** |
| **SUPERINTENDENT PHILIP L. JOHNSON; PUBLICATION REVIEW COMMITTEE TIM G. COLLINS,** | ) | |
| | ) | |
| **Defendants.** | ) | **Electronically filed.** |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the within **Statement of Facts** was electronically filed with the Court and served upon the following via first-class mail:

DANIEL R. SMITH
BM-1187
SCI-Fayette
P.O. Box 9999
LaBelle, PA 15450-2200

__/s/ Mariah L. Passarelli________
MARIAH L. PASSARELLI
Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

(412) 565-3579

Date: April 18, 2007